IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-060 |
| | ) | |
| OFFICER WARREN; OFFICER LANE; | ) | |
| LT. JORDAN; SGT. McGEE; WARDEN | ) | |
| SECURITY HARVEY; and WARDEN | ) | |
| EDWARD PHILBIN, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    BACKGROUND**

Plaintiff names as Defendants: (1) Officer Warren; (2) Officer Lane; (3) Lt. Jordan; (4) Sgt. McGee; (5) Warden Security Harvey; (6) and Warden Edward Philbin. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 26, 2020, Lt. Jordan signed charts in Plaintiff's dorm.  (Id. at 5.)  That same day, Officers Warren and Lane assaulted Plaintiff in his cell, and unspecified jail personnel, perhaps Officers Warren and Lane, pepper-sprayed Plaintiff and refused him medical attention for three hours.  (Id.)  Plaintiff notified Warden Redd of the assault on March 2, 2020, and Warden Redd instructed Sgt. McGee to review security camera footage.  (Id.)  Sgt. McGee lied and stated she could not find any video evidence of the assault.  (Id.)  A few days later, Sgt. McGee reviewed security camera footage concerning an unrelated incident and accused Plaintiff and four other inmates of leaving their cells at night and roaming the prison.  (Id.)  On March 5, 2020, Officers Warren and Lane were still working in Plaintiff's section of the dormitory despite Plaintiff's assault allegation, and when Plaintiff complained to Wardens Harvey and Philbin, they explained the video footage was under review.  (Id.)  Plaintiff also generally alleges he "was not fed on the morning of February 27 or 28 or March 2, 4 [sic]."  (Id.)  Plaintiff does not specify who is responsible for him missing breakfast on these occasions.  Plaintiff seeks compensatory damages and criminal charges.  (Id. at 6.)

## II.   DISCUSSION

### A.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

**B.**     **Plaintiff Fails to State a Claim Against Lt. Jordan and Sgt. McGee**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury.  Here, although Plaintiff lists Lt. Jordan in the caption of the complaint, he only mentions him once in the body of the complaint as signing charts on the day of the alleged assault by Officers Warren and Lane.  (Doc. no. 1, p. 5.)  Plaintiff does not connect Lt. Jordan to any constitutional violation, nor does he assert Lt. Jordan's acts or omissions caused him injury.  Therefore, Lt. Jordan should be dismissed from this case.

Plaintiff alleges Sgt. McGee lied when she reported seeing no evidence of the assault on camera footage.  (Id.)  Plaintiff fails to specify facts supporting his bald assertion.  He does not allege having seen the footage himself or any other basis for calling into question Sgt. McGee's determination.  Furthermore, Plaintiff's sole claim against Sgt. McGee is for negligence.  Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires a conscious disregard of a serious and imminent risk.  Farmer v. Brennan, 511 U.S. 825, 835-39 (1994); see Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005) (noting negligence is insufficient to establish constitutional violation).  There are no

facts alleged to show Sgt. McGee followed a course of action which constituted more than mere negligence when reviewing the camera footage.  Therefore, Plaintiff fails to state a claim against Sgt. McGee, and she should be dismissed.

### C.      Plaintiff Fails to State a Claim Against Wardens Harvey and Philbin

Plaintiff fails to state a claim for relief against Warden Harvey and Warden Philbin based on their supervisory positions.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Warden Harvey and Warden Philbin liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff appears to name these two individuals as

Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at ASMP.  Plaintiff merely states he informed Wardens Harvey and Philbin he was allegedly assaulted by Officers Warren and Lane.  (Doc. no. 1, p. 5.)  Nowhere does Plaintiff allege Wardens Harvey and Philbin were present for, or participated in, the alleged assault.

Nor has Plaintiff alleged the requisite causal connection between Wardens Philbin and Harvey and the asserted constitutional violation.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

6

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread physical assaults by prison guards at ASMP, (2) an improper custom or policy put in place by either Defendant, or (3) an inference either of these supervisory Defendants directed Officers Warren and Lane to act, or knew they would act, unlawfully. In sum, Plaintiff has not shown Wardens Philbin and Harvey actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against these two supervisory officials, and Wardens Philbin and Harvey should be dismissed from this case.

### D. Plaintiff May Not Force Criminal Prosecution of Sgt. McGee and Officers Warren and Lane

Plaintiff requests as relief that criminal charges be brought against Sgt. McGee and Officers Warren and Lane. (See doc. no. 1, p. 6.) As a private citizen, Plaintiff may not force prosecutors to bring criminal charges against these defendants. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion.  See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); see also Dixon v. Green Tree Servicing, LLC, Case No. 19-80022-CIV-MARRA/ MATTHEWMAN, 2019 WL 2866495, at *7 (S.D. Fla. July 3, 2019) (recognizing claim by private citizens for violation of Uniform Code of Military Justice not actionable); O'Neal v. United States, Case No. 5:19-cv-00090-LCB, 2019 WL 330140, at *1 (N.D. Ala. Jan. 25, 2019) ("federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions"); Wise v. Heddell, Civ. Act. No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *5 (M.D. Ga. July 1, 2010) (explaining constitutional separation of powers does not allow for court interference with discretionary powers of executive branch control over criminal prosecutions).  Thus, Plaintiff may not force criminal prosecution of Sgt. McGee and Officers Warren and Lane.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendants Warden Philbin, Lt. Jordan, Sgt. McGee, and Warden Harvey be **DISMISSED** for failure to state a claim upon which relief may be granted, and these Defendants be **DISMISSED** from this case.  In a companion Order, the Court allows to

proceed Plaintiff's claim for excessive force against Officers Warren and Lane.

SO REPORTED and RECOMMENDED this 10th day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA