IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 120-060 |
| | ) |
| OFFICER WARREN; OFFICER LANE; and | ) |
| CLIFFORD BROWN, Unit Manager, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned civil rights case *pro se* and is proceeding *in forma pauperis* ("IFP"). Defendant Brown filed a pre-answer motion to dismiss. (Doc. no. 33.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant Brown's motion to dismiss be **GRANTED**.

I.  **BACKGROUND**

A.  **Procedural History**

Plaintiff initially named six Defendants, and because he is proceeding IFP, the Court screened the complaint. (See doc. nos. 1, 8.) Without objection from Plaintiff, Chief United States District Judge J. Randal Hall dismissed four Defendants and allowed an Eighth Amendment excessive claim to proceed against Officers Warren and Lane. (Doc. no. 12.) On October 21, 2020, Plaintiff timely filed an amended complaint in accordance with the

timelines set forth in the September 17, 2020 Scheduling Notice. (Doc. no. 21.) Upon conducting an initial screening of Plaintiff's amended complaint, the Court ordered Plaintiff to notify the Court which claims he wished to pursue within fourteen days of December 29, 2020. (Doc. no. 23.) Alternately, the Court informed Plaintiff he may withdraw his amended complaint by this same deadline. (Id.) Plaintiff failed to respond to the Court's December 29th Order, and on March 10, 2021, the Court denied Plaintiff's motion for preliminary injunction and dismissed all claims in the amended complaint for improper joinder under Fed. R. Civ. P. 20, except for Plaintiff's (1) original excessive force claim against Defendants Warren and Lane; and (2) the new claim alleging retaliation by Unit Manager Brown on March 5, 2020. (Doc. no. 36.)

On March 9, 2021, Defendant Brown filed a motion to dismiss, arguing Plaintiff failed to exhaust his administrative remedies as to the claims against him prior to filing the amended complaint. (See doc. no. 33.) Plaintiff did not respond to the motion, and it is therefore unopposed pursuant to Local Rule 7.5.

**B.     Amended Complaint Allegations**

With respect to Defendant Brown, Plaintiff alleges the following facts in his amended complaint signed on October 12, 2020. (Doc. no. 21.) On February 26, 2020, Officers Warren and Lane punched, kicked, and assaulted Plaintiff with a flashlight, rubbed Plaintiff's face against the concrete, and pepper-sprayed Plaintiff in his cell. (Id. at 12.) On March 5, 2020, Plaintiff attempted suicide because Unit Manager Brown retaliated against Plaintiff by placing him on lockdown for seeking camera footage concerning the February 26th assault. (Id. at 12-13.) For relief, Plaintiff requests monetary damages and criminal charges. (Id. at 16.)

2

In his motion to dismiss, Defendant Brown produced the declaration of Barbra Colon, the Chief Counselor at ASMP. (See doc. no. 33-2 (Colon Aff.).) The Chief Counselor's responsibilities include ensuring compliance with the Georgia Department of Corrections ("GDOC") Grievance Standard Operating Procedure ("SOP") and maintaining information and records regarding inmate grievances. (Id. ¶ 3.) The Chief Counselor identified eleven grievances Plaintiff filed at ASMP, only one of which related to Defendant Brown's alleged retaliation. (Id. ¶¶ 22-32 & Ex. D (doc. no. 33-4).) Specifically, Plaintiff filed Grievance Number 304977, wherein he alleged after Defendant Brown became aware of the February 26th assault, he placed Plaintiff on lockdown "for no reason." (Ex. D.) Plaintiff submitted a grievance drop form, in which he requested Grievance Number 304977 be dropped. (Id.) Therefore, Grievance Number 304977 was dropped in March 2020 without any ruling at the Warden's level or any appeal to the Central Office. (Ex. D; Colon Aff., ¶ 23.)

## II.  DEFENDANT BROWN'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS AMENDED COMPLAINT

### A.  The Legal Framework

Where, as here, a defendant has filed a motion to dismiss a claim based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, the defendant's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted)). If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to

3

resolve the disputed factual issues, with the defendant bearing the burden of proving that Plaintiff has failed to exhaust his administrative remedies. Id.  Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In the Eleventh Circuit, "brought" as used in this section of the PLRA means "the filing or commencement of a lawsuit, not . . . its continuation." Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000) (*en banc*); see also Goebert v. Lee Cty., 510 F.3d 1312, 1324 (11th Cir. 2007) ("The time the statute sets for determining whether exhaustion of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied."). Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  "The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case."

4

McKeithen v. Jackson, 606 F. App'x 937, 939-40 (11th Cir. 2015) (*per curiam*) (citing Johnson v. Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005)).

The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998)). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement. Johnson, 418 F.3d at 1159.

### B. The Administrative Grievance Procedure

According to the Chief Counselor, the administrative grievance procedure applicable in this case is GDOC SOP Policy No. ("PN") 227.02, which became effective on May 10, 2019. (Colon Aff., ¶ 5 & Ex. A (doc. no. 33-3).)

The grievance procedure has two steps: (1) Original Grievance, and (2) Central Office Appeal. PN 227.02 § IV(C). The administrative remedies procedure commences with filing an Original Grievance via the Kisok/Tablet or with a counselor. Id. § IV(C)(1)(c) & (d). The inmate has ten calendar days "from the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance. Id. § IV(C)(1)(b). The timeliness requirements of the administrative process may be waived upon a showing of good cause. Id. The grievance coordinator screens the grievance to determine whether to accept it for processing or recommend the Warden reject it. Id. § IV(C)(1)(e)(i). The grievance may be rejected, *inter alia*, if it raises one of the listed non-grievable issues, includes threats or insults, or raises more than one issue/incident. Id. § IV(C)(1)(e)(ii).

The policy requires the Warden provide a response to the prisoner who filed the grievance within forty calendar days from submission of the original grievance; a onetime ten-calendar-day extension may be granted. Id. § IV(C)(1)(f)(v). If the grievance is rejected, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a central office appeal. Id. § IV(C)(1)(e)(v) & (c)(1)(f)(viii); § IV(C)(2). The inmate has seven calendar days from the date he receives the Warden's response to the grievance to file a central office appeal, but this time limit may be waived for good cause. Id. § IV(C)(2)(b). The Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the prisoner who filed the appeal. Id. § (C)(2)(e). If the central office appeal results in a determination the original grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, and the Warden has fifteen calendar days from receipt of the returned grievance to give a decision to the

6

prisoner who filed the grievance.  Id. § (C)(2)(g).  The prisoner has seven calendar days from receipt of the Warden's second response to file a second central office appeal.  Id.

### C. Plaintiff's Failure to Exhaust

Plaintiff failed to exhaust administrative remedies as to his retaliation claim against Defendant Brown because Plaintiff voluntarily dismissed grievance 304497 before completing the entire grievance process.  See Smith v. Coleman, No. 6:18-CV-119, 2020 WL 6577500, at *2 (S.D. Ga. July 24, 2020), *adopted by*, 2020 WL 5104957 (S.D. Ga. Aug. 31, 2020) (finding plaintiff failed to fully exhaust available administrative remedies because he voluntarily dropped grievance); Wright v. Saulsbury, No. 5:19-CV-456 (TES), 2021 WL 282108, at *3 (M.D. Ga. Jan. 6, 2021), *adopted by*, 2021 WL 281135 (M.D. Ga. Jan. 27, 2021) ("The record reveals, and the Court finds, that Plaintiff had not properly completed the grievance process prior to filing this lawsuit, in that Plaintiff dropped the grievances that pertained to his claims herein.").  Plaintiff did not respond to Defendant Brown's motion to dismiss, and therefore does not dispute he voluntarily dropped grievance 304497.

Because Plaintiff did not exhaust his administrative remedies with respect to his retaliation claim against Defendant Brown prior to filing his amended complaint, the motion to dismiss should be granted.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (*per curiam*) ("'[U]ntil such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citations omitted); Higginbottom, 223 F.3d at 1261.

7

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Brown's motion to dismiss be **GRANTED**, (doc. no. 33), and he be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 11th day of May, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA